Opinion issued July 28, 2026



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-25-00806-CR

———————————————

**KERRY VALLERY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1694159**

---

## MEMORANDUM OPINION

A jury convicted the appellant of capital murder. The State did not seek the death penalty so the trial court assessed punishment at confinement for life without the possibility of parole. The appellant raises one point of error regarding charge error. We affirm.

Because of the nature of the appellant's claim, a detailed recitation of his crime is unnecessary. The appellant and two accomplices committed armed robbery at a pawn shop. The appellant was the wheel man. When the accomplices went in the store an armed customer shot one of the robbers in the hand. The injured robber returned fire, hitting the customer four times and fatally wounding him. At trial, the State introduced text messages from the appellant's phone showing he planned the robbery. The State connected the appellant to the getaway car by showing he rented it, documents related to him were found in the car, and his DNA was on the steering wheel and driver's door handle.

The appellant's brief lists one point of error complaining about the jury charge. The charge in this case included the ordinary language from Penal Code Section 7.02(b) regarding criminal liability for co-conspirators:

> If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as the result of the carrying out of the conspiracy.

At the charge conference, defense counsel objected to this language, claiming "[criminal conspiracy] is an offense, and as such it needs to be included in the indictment, which it is not." Defense counsel then cited two cases that stand for the principle that the offense of criminal conspiracy is not a lesser-included of the

offenses that form the basis of the conspiracy.[1] The trial court overruled this objection.

In his sole point of error the appellant claims the trial court "erred in denying appellant's objection to the inclusion of the offense of conspiracy in the [jury] charge." The appellant has a single paragraph reurging his trial objection.

The Court of Criminal Appeals has rejected this exact argument:

> Appellant is mistaken in his argument. The court's charge did not instruct the jury to consider whether appellant was guilty of the separate offense of criminal conspiracy as set out in [Penal Code Section 15.02]. Rather the court's charge merely contained an alternative "parties" charge as provided in … Penal Code, Section 7.02(b).

> It is well accepted that the law of parties may be applied to a case even though no such allegation is contained in the indictment.

*Montoya v. State*, 810 S.W.2d 160, 165 (Tex. Crim. App. 1989).

Because the trial court did not include the offense of conspiracy in the charge, it did not err in overruling the objection to putting the offense of conspiracy in the charge. We overrule the appellant's sole point.

We note that the "summary of the argument" section of the appellant's brief seems to contain a different claim, complaining that the trial court excused three

---

[1] *Andrews v. State*, 774 S.W.2d 809, 810 (Tex. App.—Eastland 1989, pet. ref'd) (criminal conspiracy not lesser-included of murder defendant conspired to commit). *Outland v. State*, 810 S.W.2d 474, 476 (Tex. App.—Fort Worth 1991, pet. ref'd) (criminal conspiracy not lesser-included of aggravated robbery defendant conspired to commit).

jurors during trial and "abused its discretion in overruling the requested mistrial." This paragraph cites neither the record nor authorities, and the extent of its argument is the conclusory assertion that the trial court erred. In our review of the record we do not find any request for mistrial in response to a juror being dismissed.

The State argues that if this is a distinct argument it is inadequately briefed. We agree. To whatever degree this paragraph was intended as a second point of error we overrule it as inadequately briefed and presenting nothing for review. *See* TEX. R. APP. P. 38.1(i) (appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Mayweather v. State*, 722 S.W.3d 116, 119 (Tex. App.—Houston [1st Dist.] 2025, no pet.) (rejecting claim as inadequately briefed and noting that making argument for party "would require abandoning our role as impartial arbiter").

We affirm the trial court's judgment.


Clint Morgan
Justice

Panel consists of Justices Guerra, Gunn, and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).